1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

| JEFF E. WALKER,<br>CDCR No. F-11343, | Civil No. | 14cv0788 BTM (KSC) |
|---|---|---|

13

Plaintiff,

**ORDER:**

14

vs.

**(1) ORDER  TO SHOW CAUSE WHY MOTION TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE DENIED AS BARRED BY 28 U.S.C. § 1915(g); AND**

15
16
17

C/O D. HUBERT; C/O C. MOORE; SGT. LUNA; LT. ACUNA; C/O LABACO; C/O MURPHY; NURSE DONOHUE; JOHN/JANE DOES,

**(2) DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDERS AS MOOT**

18
19

Defendants.

20
21

22      Plaintiff, a state inmate formerly incarcerated at the Richard J. Donovan

23   Correctional Facility ("RJD") located in San Diego, California, has filed an action

24   pursuant to 42 U.S.C. § 1983.[1]  (ECF Doc. No. 1.)  In addition, Plaintiff has filed a

25   Motion to Proceed *In Forma Pauperis* ("IFP"), along with two Motions for Temporary

26   Restraining Orders.  (ECF Doc. Nos. 2, 5, 6.)

27
28

---

[1]  Plaintiff is currently housed at the California Health Care Facility located in Stockton, California.  *See* http://inmatelocator.cdcr.ca.gov/search.aspx (last visited July 7, 2014).

-1-

## I.   PLAINTIFF'S MOTION TO PROCEED IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.*   In addition to requiring prisoners to "pay the full amount of a filing fee," in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).   Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**II.    APPLICATION TO PLAINTIFF**

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). This Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Walker v. San Francisco County Jail*, Civil Case No. 3:08-cv-1264-CRB (N.D. Cal. Mar. 14, 2008) (Order of Dismissal for failing to state a claim) (strike one);

2) *Walker v. Jane Doe, et al.*, Civil Case No. 3:08-cv-01265-CRB (N.D. Cal. Mar 14, 2008) (Order of Dismissal for failing to state a claim (strike two); and

3) *Walker v. Gradillas*, *et al.*, Civil Case No. 3:09-cv-02845-CRB (N.D. Cal. Aug. 6, 2009) (Order of Dismissal for failing to state a claim) (strike three).

In addition, Plaintiff has been denied the right to proceed IFP pursuant to 28 U.S.C. § 1915(g) in three civil actions.[2] There are two matters in the Eastern and Northern Districts of California[3] in which Defendants have filed motions to revoke Plaintiff's IFP status. In the Eastern District matter, the motion is currently pending.

---

[2] *See Walker v. Greer, et al.*, Civil Case No. 2:13-cv-01467-DAD (E.D. Cal. Feb. 12, 2014); *Walker v. Scott, et al.*, Civil Case No. 2:10-cv-05222-UA-PJW (C.D. Cal. July 27, 2010) (Order finding Plaintiff "failed to establish that he is in imminent danger of serious injury now."); *Walker v. Scott, et al.*, Civil Case No. 2:10-cv-01693 (C.D. Cal. Apr. 1, 2010)

[3] *See Walker v. Kauhn*, *et al.*, Civil Case No. 3:09-cv-03015-CRB (N.D. Cal. July 2, 2010) (Order Granting Motion to Revoke In Forma Pauperis Status); *Walker v. Mohadjer, et al.*, Civil Case No. 2:13-cv-01193-WBS-AC.

1  In the Northern District matter, Plaintiff's IFP status was revoked.  Finally, Plaintiff's
2  IFP status has been revoked by the Ninth Circuit. [4]

3          Accordingly, because Plaintiff has, while incarcerated, accumulated three
4  "strikes" as defined by § 1915(g), he must set forth a "plausible allegation" that he faced
5  imminent danger of serious physical injury at the time he filed his Complaint, in order
6  to be entitled to the privilege of proceeding IFP in this action.  *See Cervantes*, 493 F.3d
7  at 1055.  While Plaintiff captions his pleading with "imminent danger," his factual
8  allegations are disjointed and difficult to determine which facts he intends to base his
9  claim of "imminent danger."  The Court must consider factual allegations at the time he
10 filed his Complaint on April 3, 2014 but Plaintiff only references claims that are alleged
11 to have occurred in January of 2014.  (*See* Compl. at 1.)  Therefore, the Court will
12 provide Plaintiff the opportunity to identify the factual allegations supporting his claims
13 of "imminent danger."  Within forty five days from the date this Order is entered,
14 Plaintiff must provide the Court with a declaration specifying the imminent danger he
15 alleges he faced at the time he filed this action.

16 **III.   Motions for Temporary Restraining Orders**

17          Plaintiff has filed two requests for a temporary restraining order.  In both motions,
18 Plaintiff claims he is being retaliated against by RJD correctional officers and he seeks
19 injunctive relief in the form of "stay away orders," along with a transfer to another
20 prison.  Plaintiff is no longer housed at RJD, instead he is housed at the California
21 Health Care Facility located in Stockton, California.  Therefore, his requests for
22 injunctive relief are moot.

23 **IV.   CONCLUSION AND ORDER**

24          For the reasons set forth above, the Court hereby:

25          (1)     ORDERS Plaintiff to show cause why his Motion to Proceed *In Forma*
26 *Pauperis* should not be denied pursuant to 28 U.S.C. § 1915(g).  Plaintiff has forty five

27

28
---
[4] *See Walker v. Whitten, et al.*, 9th Cir. Doc. No. 13-15767 (June 19, 2013 Order revoking IFP status on appeal)

(45) days from the date this Order is entered to file a declaration with the Court containing specific plausible allegations clearly demonstrating that he was in "imminent danger" at the time he filed this action.  If Plaintiff fails to file this declaration, the Court will deny Plaintiff's Motion as barred by 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED that**:

(2)    Plaintiff's Motions for Temporary Restraining Order (ECF Doc. No. 2, 5) are **DENIED** as moot

IT IS SO ORDERED.


DATED:  July 7, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court