# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF E. WALKER,<br>CDCR No. F-11343,<br><br>                        Plaintiff,<br><br>vs.<br><br>C/O D. HUBERT; C/O C. MOORE;<br>SGT. LUNA; LT. ACUNA; C/O<br>LABACO; C/O MURPHY; NURSE<br>DONOHUE; JOHN/JANE DOES,<br><br>                        Defendants. | Civil No.   14cv0788 BTM (KSC)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g)** |

## I.   Procedural History

Plaintiff, a state inmate currently incarcerated at the California Health Care Facility located in Stockton, California, has filed an action pursuant to 42 U.S.C. § 1983. (ECF Doc. No. 1.) In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF Doc. No. 6.) The Court found that Plaintiff was not entitled to proceed IFP due to three previous "strikes" as defined by 28 U.S.C. § 1915(g). However, the Court issued an Order to Show Cause ("OSC") on July 8, 2014 requiring

Plaintiff to show why he would be entitled to the "imminent danger" exception of § 1915(g).

On August 20, 2014, Plaintiff filed his response to the Court's July 8, 2014 OSC. (ECF Doc. No. 9.)

**II.    PLAINTIFF'S MOTION TO PROCEED IFP**

The Court has already determined that the following three cases constitute "strikes" for purposes of § 1915(g). *See* July 8, 2014 Order at 3.

They are:

1) *Walker v. San Francisco County Jail*, Civil Case No. 3:08-cv-1264-CRB (N.D. Cal. Mar. 14, 2008) (Order of Dismissal for failing to state a claim) (strike one);

2) *Walker v. Jane Doe, et al.*, Civil Case No. 3:08-cv-01265-CRB (N.D. Cal. Mar 14, 2008) (Order of Dismissal for failing to state a claim (strike two); and

3) *Walker v. Gradillas, et al.*, Civil Case No. 3:09-cv-02845-CRB (N.D. Cal. Aug. 6, 2009) (Order of Dismissal for failing to state a claim) (strike three).

Plaintiff has filed a one (1) page response to the Court's OSC. In this response, which is not entirely coherent, Plaintiff claims that he was "under 'imminent danger' at the time the events in his Complaint took place. (*See* Pl.'s Decl. at 1.) However, as the Court noted in its previous Order, Plaintiff's allegations refer to incidents that were alleged to occur several months prior to the date that Plaintiff submitted his Complaint to this Court. In his Declaration, Plaintiff contends that Defendant Hubert "not only assaulted Plaintiff but threatened his life and retaliation as noted." (*Id.*) These are the same allegations set forth in Plaintiff's Complaint that pertain to the incidents that occurred in January of 2014. As the Court stated in the previous Order, there are no allegations that Plaintiff was in *imminent danger* at the time he filed his Complaint several months later.

Plaintiff also states that there is proof of imminent danger because he was "assaulted" by "C/O/ Heddy" in May of 2014. There is no such person identified in Plaintiff's Complaint, there is no Defendant named "Heddy" and it is unclear if this person is employed at the Richard J. Donovan Correctional Facility ("RJD") where the allegations took place or Plaintiff's current place of incarceration.

The imminent danger exception "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). While Plaintiff makes serious allegations in his Complaint that Defendant Hubert allegedly raped Plaintiff, he then states that he "wasn't sure if [Hubert] was involved or not" with the alleged rape. (*See* Compl. at 4-5.) Plaintiff also alleges that it was the person who was tasked with overseeing Plaintiff's suicide watch who allegedly raped him in his cell. (*Id.*) A number of Plaintiff's claims appear to be borderline delusional and the Court finds there are no plausible allegations that Plaintiff was in imminent danger of serious physical injury at the time his filed this action on April 3, 2014.

## III. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 6) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

(3) **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

/ / /

/ / /

1   / / /

2   The Clerk shall close the file.

3

4   **IT IS SO ORDERED.**

5   DATED:  November 18, 2014

6   _____
    BARRY TED MOSKOWITZ, Chief Judge
7   United States District Court