UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF E. WALKER, CDCR #F-11343,<br><br>                           Plaintiff,<br><br>vs.<br><br>C/O D. HUBERT. et al.,<br><br>                           Defendants. | Case No.   14cv0788 BTM (KSC)<br><br>**ORDER DENYING PLAINTIFF"S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR FOR PRELIMINARY INJUNCTION**<br><br>**(ECF Nos. 17, 21)** |

Currently before the Court is Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (ECF Nos. 17, 21.) Plaintiff has also filed a letter with the Court in which he seeks a status on his "request for certificate of appeal (COA)" regarding the Court's initial denial of his Motion to Proceed *In Forma Pauperis* ("IFP) pursuant to 28 U.S.C. § 1915(g). (ECF No. 19.) A review of the Court's docket does not indicate that Plaintiff ever filed a COA nor did he file a separate notice of appeal to the Ninth Circuit Court of Appeals. Regardless, neither is necessary in this matter as the Court granted Plaintiff's Motion for Reconsideration and is permitting him to proceed IFP in this matter. (ECF No. 14.)

## I.     Motion for Temporary Restraining Order and Preliminary Injunction

Here, Plaintiff has filed a Motion for Temporary Restraining Order and a Motion for Preliminary Injunction. (ECF Nos. 17, 21.) Plaintiff appears to be seeking two different forms of relief from this Court: (1) an injunction preventing his return to the Richard J. Donovan Correctional Facility ("RJD"); and (2) a dismissal of all pending disciplinary charges against him.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citation omitted)(citations omitted).

In addition to this traditional test, the Ninth Circuit has also applied an "alternative standard," whereby injunctive relief may issue when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury" *or* that "serious questions are raised and the balance of hardships tips sharply in his favor." *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dept. of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)).

1.     Request for Injunctive Relief - RJD

In Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order, Plaintiff seeks an order from this Court preventing his purported transfer from his current place of incarceration to RJD. Plaintiff claims he is being "return to [RJD] March 5, 2015." (Pl.'s Mtn for Prelim, Inj. (ECF No. 17) at 8.) The Court received Plaintiff's motion on March 6, 2015, one day after the purported transfer. However, in Plaintiff's

separate Motion for Temporary Restraining Order, he states that "he is due to be put up for transfer back to (RJD)" but fails to provide a specific date or any documentation indicating when this alleged transfer will take place.

Plaintiff is currently housed at the California Healthcare Facility located in Stockton, California.[1] None of the named Defendants in this matter are alleged to reside in Stockton or have any role involving Plaintiff's potential transfer from CHF to another CDCR facility. Therefore, the Court does not have personal jurisdiction over any individual at CHF who would be involved in any decision to transfer Plaintiff from that facility. *See* FED.R.CIV.P. 65(d)(2). Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order regarding the purported transfer to RJD is **DENIED** without prejudice.

2.     Request for Injunctive Relief - Rules Violation Report

Plaintiff has also supplied the Court with a number of exhibits that indicate Plaintiff was charged with a Rules Violation Report ("RVR") and charged with battery on a peace officer. (Pl.'s Mtn. for TRO (ECF No. 21) at 21.) In his Motion, while not entirely clear, it appears that Plaintiff is seeking relief from this Court to dismiss his pending disciplinary charges so that they will not interfere with his purported parole date. (*Id.* at 7.) Plaintiff further indicates that if Defendant Heddy "is also willing to have RVR recalled so as to remove D.A. [referral], so Plaintiff can go home May 2015, then [Plaintiff] is willing to consider not pursuing legal action on him only." (*Id.* at 9.)

Here, Plaintiff has not shown a likelihood of success on the merits regarding this claim. Plaintiff's suggestion that the Court issue any sort of injunctive relief regarding his pending disciplinary charges is not the type of relief that can be sought in this action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (holding that a person in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment.")

---

[1]*See* http://inmatelocator.cdcr.ca.gov/search.aspx (last visited March 11, 2015).

Accordingly, Plaintiff's Motion for Temporary Restraining Order is **DENIED** without prejudice.

## II.     Conclusion and Order

Based on the foregoing, the Court hereby:

**DENIES** Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF Nos. 17, 21) without prejudice.

**IT IS SO ORDERED**.

DATED:  March 16, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court