1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     SOUTHERN DISTRICT OF CALIFORNIA
10

11   JEFF E. WALKER,                          Case          14cv0788 BTM (KSC)
     CDCR #F-11343,                           No.
12
13                             Plaintiff,     **ORDER:**

14                                            **(1) DENYING MOTION TO DENY**
                                              **EXTENSIONS OF TIME AS**
15                 vs.                        **MOOT; and**

16                                            **(2) DENYING PLAINTIFF"S**
                                              **MOTION FOR TEMPORARY**
17   C/O D. HUBERT. et al.,                   **RESTRAINING ORDER AND/OR**
                                              **FOR PRELIMINARY**
18                                            **INJUNCTION**

19                                            **(ECF Nos. 25, 38, 40)**

20                             Defendants.

21

22

23          Currently before the Court is Plaintiff's Motion for Temporary Restraining Order

24   and Motion for Preliminary Injunction. (ECF Nos. 25, 38.) Plaintiff has also filed

25   supplemental documents in support of his pending motion. (ECF No. 30, 55.) This Court

26   issued a briefing schedule for Defendants to respond to Plaintiff's Motion.  On April 7,

27   2015, Defendants filed a motion for extension of time to respond to Plaintiff's motion

28   which was granted by the Court for good cause shown.  (ECF Nos. 35, 36.)  After the

                                              1

1   Court granted Defendants' request, Plaintiff filed a motion on April 15, 2015, requesting
2   that the Court deny Defendants an extension of time to respond to Plaintiff's motion.
3   (ECF No. 40.) This motion by Plaintiff is **DENIED** as moot in light of the Court's ruling
4   on April 7, 2015.

5       Defendants filed their opposition to Plaintiff's motion on April 15, 2015 and the
6   Court has permitted Plaintiff to file a reply. (ECF Nos. 41, 43.)

7   **I.      Motion for Temporary Restraining Order and Preliminary Injunction**

8       Here, Plaintiff has filed a Motion for Temporary Restraining Order and a Motion
9   for Preliminary Injunction.   Plaintiff seeks an "order to expedite transfer to another
10  facility due to the ongoing acts, threats to his life and being told he would not make it
11  out."[1]  (Pl.'s Mot., ECF No. 25, at 5.)

12      The purpose of a preliminary injunction is to preserve the status quo if the balance
13  of equities so heavily favors the moving party that justice requires the court to intervene
14  to secure the positions until the merits of the action are ultimately determined.
15  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).   "A plaintiff seeking a
16  preliminary injunction must establish that he is likely to succeed on the merits, that he
17  is likely to suffer irreparable harm in the absence of preliminary relief, that the balance
18  of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*
19  *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374  (2008)
20  (citation omitted).

21      In addition to this traditional test, the Ninth Circuit has also applied an "alternative
22  standard," whereby injunctive relief may issue when Plaintiff demonstrates "either a
23  combination of probable success on the merits and the possibility of irreparable injury"
24  *or* that "serious questions are raised and the balance of hardships tips sharply in his
25  favor." *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United*
26  *States Dept. of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (citing *Save Our Sonoran, Inc.*

27

28  _____

    [1] In the reply filed by Plaintiff, he also seeks an order from this Court to "locate and find TV."
    This request is denied.  Plaintiff cannot raise new issues or seek new relief in a reply.

*v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)).

In Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order, Plaintiff seeks an order from this Court transferring him from his current place of incarceration, the Richard J. Donovan Correctional Facility ("RJD"), to "another facility." (Pl.'s Mot., ECF No. 25, at 5.)

In his pending motion, Plaintiff claims that he was returned to RJD on March 20, 2015. (*Id.* at 1.) He was interviewed by various staff upon arrival, including a Lieutenant, an "Institutional Security Unit" Officer and Dr. Rollick from RJD's mental health department. (*Id.* at 1-2.) Plaintiff alleges that he "voiced his concern" about being placed in "ad-seg" where he had been previously "physically assaulted by c/o Heedy" and "c/o Fontan."[2] (*Id.* at 2.) Plaintiff indicates that the individuals who interviewed him regarding his concerns were "respectable and assured Plaintiff he should be ok until classification can address these issues." (*Id.*)

Plaintiff was then placed in "cell #127 in center of unit where staff entering unit could see as well as medical and supervising custody." (*Id.*) In addition, Plaintiff claims that there is a light in the cell which remains on during the night "in case someone attempts to harm plaintiff." (*Id.*) Later that night, Plaintiff claims "c/o John Doe" came to his cell and told him they needed Plaintiff's cell for a "suicide watch" and so he would have to move to a different cell." (*Id.* at 3.) Plaintiff told this correctional officer that he was in his current cell due to "safety concerns" and the correctional officer told him "don't worry, it's ok you're not moving." (*Id.*) Plaintiff claims that there were several other empty cells that they could have used instead of his. (*Id.*)

A different correctional officer, "Sgt. John Doe 4," later came to Plaintiff's cell and told him to "cuff up" because they needed his cell. (*Id.* at 4.) Plaintiff told this sergeant that he was housed in this particular cell due to "safety reasons" and asked this sergeant if they were "trying to kill him or set him up again." (*Id.*) The sergeant left and

---

[2] There are no allegations in Plaintiff's Complaint regarding these two individuals (Heedy and Fontan) and neither are named as Defendants in this action.

1    the "Lieutenant Watch Commander John Doe 5" came to Plaintiff's cell and told him that

2    he would receive a rules violation report for refusing to house in a different cell.  (*Id.*)

3         Plaintiff alleges that if he is charged with this rules violation, he would not be

4    "released in May 2015, as told by officers he would not make it out of [RJD.]" He further

5    alleges that they only reason they want to move him to a different cell is to place him in

6    a cell where Plaintiff "could not be seen to set him up."  (*Id.*)

7         Plaintiff filed supplemental briefing on April 6, 2015, where he discusses claims

8    that he brought in his previous motion for a preliminary injunction or temporary

9    restraining order. (Pl.'s Supp. Mot, ECF No. 30, at 1.)  In this supplemental briefing,

10   Plaintiff makes further allegations that "c/o Heedy and c/o Fontan had assaulted him,"

11   and "falsified the disciplinary report of battery on a peace officer" when he was

12   previously housed in RJD in May of 2014.[3]  (*Id.*)   Plaintiff claims correctional officer

13   Heedy came to his cell three days after his recent return to RJD and told him that if he

14   were found guilty of the charges arising from the May 2014 incident, his parole date

15   would be delayed by five months.  (*Id.* at 2.)  Plaintiff claims this caused him to "fear"

16   for his life and caused him to have a panic attack.  (*Id.*)

17        Defendants argue that the Court should deny his request for a transfer or a cell

18   move because he raises claims that are not contained in the Complaint and identifies only

19   individuals who are not named as Defendants in this matter. (Defs.' Opp'n, ECF No. 41,

20   at 9-11.)

21        "A federal court may issue an injunction if it has personal jurisdiction over the

22   parties and subject matter jurisdiction over the claim; it may not attempt to determine the

23   rights of persons not before the court." *Zepeda v. United States Immigration &*

24   *Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983).  The Court has no jurisdiction

25   to order RJD officials, who are not part of this action, to move Plaintiff to another cell

26   or to transfer him to another prison.

27

28
_____

[3] The operative pleading in this action is Plaintiff's Complaint which as filed on April 3, 2014, at least one month prior to the date of these new allegations.

Moreover, Plaintiff has not shown a likelihood of success on the merits regarding these claims. Plaintiff's suggestion that the Court issue any sort of injunctive relief regarding his pending disciplinary charges is not the type of relief that can be sought in this action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (holding that a person in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment.")

Plaintiff's allegations that he should be housed in the cell of his choice do not rise to the level of a constitutional violation. He offers no rationale why he should not have to change cells other than speculation that he will be placed in a cell that cannot be easily seen by correctional officers. Plaintiff does not have a constitutional right to be housed at a particular institution or cell. *See Olim v. Wakinekona,* 461 U.S. 238, 244-50 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976).

In addition, most of these claims are ones that recently arose and Plaintiff would have to have properly exhausted all his available administrative remedies prior to bringing these claims in this action or a separate action. 42 U.S.C. § 1997e.

Finally, Plaintiff's claims that he is currently in imminent physical danger are not plausible. He alleges that correctional officers are retaliating against him by forcing him to move to a different cell or bringing disciplinary action resulting in a delay of his purported parole date. His allegations of threats of physical injury by correctional officers not named in this action are vague at best. There are no facts alleged that Plaintiff is in currently in contact with any of the named Defendants in this litigation while housed at RJD.

Accordingly, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED** without prejudice.[4]

---

[4] Plaintiff filed supplemental documents in support of this motion on May 7, 2015. (ECF No. 55) It appears that Plaintiff is attempting to bring additional claims against parties not yet named in this action. If Plaintiff wishes to add additional parties, he must file a motion seeking leave to amend.

1    **II.     Conclusion and Order**

2          Based on the foregoing, the Court hereby:

3          (1)     **DENIES** Plaintiff's Motion to Deny Extension of Time (ECF No. 40) as

4    moot; and

5          (2)     **DENIES** Plaintiff's Motion for Temporary Restraining Order and Motion

6    for Preliminary Injunction (ECF Nos. 25, 38) without prejudice.

7    **IT IS SO ORDERED**.

8

9    DATED:  May 11, 2015

10                                          BARRY TED MOSKOWITZ, Chief Judge
11                                          United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14cv0788 BTM (KSC)