# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF E. WALKER, CDCR #F-11343,<br><br>Plaintiff,<br><br>vs.<br><br>C/O D. HUBERT. et al.,<br><br>Defendants. | Case No.   14cv0788 BTM (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR FOR PRELIMINARY INJUNCTION**<br><br>**(ECF No. 64)** |

Currently before the Court is Plaintiff's sixth Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (ECF No. 64.)

**I.      Motion for Temporary Restraining Order and Preliminary Injunction**

Here, Plaintiff has filed a Motion for Temporary Restraining Order and a Motion for Preliminary Injunction.  Plaintiff's request is not clear but he does claim that the Court "can order prison to have I.C.C. (Institutional Classification Committee) stay away order." (Pl.'s Mot. at 8.)  Plaintiff claims that he is under "risk of 'imminent danger'" because he has been found guilty of disciplinary violations and has been assessed a "60 day loss of credit." (*Id.* at 1-2.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citation omitted).

In addition to this traditional test, the Ninth Circuit has also applied an "alternative standard," whereby injunctive relief may issue when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury" *or* that "serious questions are raised and the balance of hardships tips sharply in his favor." *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dept. of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)).

As the Court has previously informed Plaintiff, his suggestion that the Court issue any sort of injunctive relief regarding his disciplinary charges is not the type of relief that can be sought in this action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (holding that a person in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment.")

In the remainder of his Motion for a Preliminary Injunction or TRO, it appears that Plaintiff is arguing against Defendants' Motion for Summary Judgment, which is scheduled for hearing on July 10, 2015. In this pending motion, Defendants maintain that Plaintiff has not properly exhausted his administrative remedies prior to filing this action. If Plaintiff wishes to oppose Defendants' Motion, he should file an Opposition as explained in the Court's May 8, 2015 Order.

Accordingly, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED** without prejudice.[1]

**II.    Conclusion and Order**

Based on the foregoing, the Court hereby:

**DENIES** Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 64) without prejudice.

**IT IS SO ORDERED**.

DATED:  May 20, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[1] Plaintiff filed supplemental documents in support of this motion on May 7, 2015. (ECF No. 55) It appears that Plaintiff is attempting to bring additional claims against parties not yet named in this action. If Plaintiff wishes to add additional parties, he must file a motion seeking leave to amend.