FILED

FEB 16 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF E. WALKER, CDCR #F-11343,<br><br>Plaintiff,<br><br>v.<br><br>C/O D. HUBERT, et al.,<br><br>Defendant. | Case No.: 3:14-cv-0788 BTM (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REQUEST ACCESS TO A TYPEWRITER AND MOTION FOR RECONSIDERATION.**<br><br>**Doc. Nos. 101; 104** |

Plaintiff, a state prisoner proceeding *pro se*[1] and *in forma pauperis* filed this action pursuant to 42 U.S.C. § 1983. Before the Court are plaintiff's Motion to Request Access to a Typewriter [Doc. No. 101] and Motion for Reconsideration [Doc. No. 104.] Plaintiff seeks a court order to address several grievances concerning his access to the Court as well as reconsideration of the Court's Order [Doc. No. 99] denying his request for access to a typewriter. For the reasons articulated below, plaintiff's Motion to Request Access to a Typewriter [Doc. No. 101] and Motion for Reconsideration [Doc. No. 104] are **DENIED**.

///

---

[1] Plaintiff requests an order declaring him a "*pro per*" litigant. *See* [Doc. Nos. 93; 97; 101.] *Pro se* and *pro per* are legally equivalent terms denoting a litigant who, without the aid of a lawyer, represents himself before a court. *Compare* PRO SE, Black's Law Dictionary (10th ed. 2014) *with* PRO PER, Black's Law Dictionary (10th ed. 2014).

## I. Quality of Legal Documents

Plaintiff asserts that "copies mailed or given to light not readable" and that some of the pages or exhibits are missing. [Doc. No. 101, at p. 3.] Plaintiff offers no other additional details nor is it clear what form of relief Plaintiff is seeking. The Court takes judicial notice that plaintiff has provided responsive filings to all of the Court's orders as well as the communications from defendant. Accordingly, plaintiff's Motion concerning the quality of his legal documents is **DENIED**.

## II. Opening Legal Mail

Plaintiff asserts that his legal mail is being opened and read outside of his presence. [Doc. No. 101, at p. 3.] In support of his motion, plaintiff references "Vickie" who "sent in Christmas card [sic] with notice legal [sic] written on outside of mail." *Id.* Plaintiff later clarifies that Vickie is a witness in one of his cases. *Id.* There is no evidence that Vickie or any other person sending mail to the plaintiff is a lawyer. Plaintiff has a right to communicate confidentially with a lawyer. Plaintiff does not have a right to avoid the regular screening process by labeling items as "legal mail." *See Dung v. Alameda Cty. Sheriff Dep't*, No. C 03-2911 WHA PR, 2003 WL 21982659, at *1 (N.D. Cal. Aug. 5, 2003) ("The stamp on the envelope saying that it must be opened in the presence of the inmate [or labeling the document as legal mail] does not define plaintiff's constitutional rights.") The Ninth Circuit has held that envelopes that carry the "legal mail" notation even from courts, as opposed to communication from a prisoner's lawyer, are not legal mail entitled to enhanced protection. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Plaintiff has provided no evidence indicating that communications from a lawyer are being opened outside of his presence. Therefore, plaintiff's request for an order concerning his mail is **DENIED**.

## III. Access to Legal Supplies

Plaintiff asserts that he doesn't have access to sufficient legal supplies. [Doc. No. 101, at p. 3.] Plaintiff asserts that he is not receiving sufficient legal supplies and that he should be receiving an "unlimited" amount because of his *in forma pauperis* status. *Id.*

2

Plaintiff materially misunderstands the *in forma pauperis* statute. The *in forma pauperis* statute is a privilege created by Congress, not a Constitutional right. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). The right to access the Court, established in *Bounds v. Smith*, 430 U.S. 817 (1977), *does* requires prison authorities to provide, at state expense, the supplies required to access the court including pen and paper. *Id* at 824-825. Ensuring prisoners have sufficient supplies to adequately access the Court does not create a *de facto* requirement to provide "unlimited resources" as plaintiff demands.

Here, plaintiff has demonstrated a clear ability to access the court. The Declaration of N. Gregoratos, Director of Prisoner Legal Services, indicates that from June 2015 until December 2015 plaintiff had a minimum of 172 contacts with the prison legal staff. [Doc. No. 106-1, at pp. 1-2.] The 172 contacts consisted largely of, "supplying [plaintiff] with case law and other legal materials." *Id.* at 2. Plaintiff filing history in this case presents additional evidence of his ability to access the court. From April 2014 until January 2016, plaintiff filed twenty-nine motions constituting hundreds of pages. [Doc. Nos, 2; 5; 9; 13; 17; 19; 21; 23; 32; 34; 38; 40; 43; 50; 53; 60; 64; 67; 69; 75; 78; 85; 89; 90; 93; 97; 101; 104; 105.] Consequently, plaintiff's Motion regarding legal supplies is **DENIED**.

### IV. Motion to Reconsider

Motions for reconsideration are only appropriate in rare or highly unusual circumstances to correct manifest errors of fact or law or to consider an intervening change in the controlling law or newly discovery evidence. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). When seeking reconsideration, a party's moving papers must include an affidavit setting forth any new or different facts that did not exist when the prior request for relief was made. CivLR 7.1(i).

Here, plaintiff's Motion for Reconsideration presents the same arguments and facts presented in his original motion. The Court notes that plaintiff filed his original Complaint on April 3, 2014. [Doc. No. 1.] Subsequently, plaintiff filed twenty-five legible handwritten motions before filing a motions requesting access to a typewriter on December 14, 2015. [Doc. No. 97.] Additionally, plaintiff has indicated his involvement in at least three other

1 | court cases he is actively perusing without the aid of a typewriter. Therefore, plaintiff's Motion for Reconsideration must be **DENIED**.

### CONCLUSION

For the reason stated above, plaintiff's Motion to Request Access to a Typewriter [Doc. No. 101] and Motion for Reconsideration [Doc. No. 104] are **DENIED**.

IT IS SO ORDERED.

Date: Feb 12, 2016

KAREN S. CRAWFORD
United States Magistrate Judge