UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF E. WALKER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>C/O D. HUBERT, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:14-cv-0788 BTM (KSC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 115)** |

Jeff E. Walker ("Plaintiff"), is a prisoner currently incarcerated at San Francisco County Jail in San Francisco, California, and is proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983. Defendants are all correctional and medical care officials employed at Richard J. Donovan Correctional Facility ("RJD") where Plaintiff was incarcerated in 2014.

**I.  Procedural History**

This matter has a lengthy procedural history and the Court will address only those events that are relevant to the pending motion. Initially, the Court found that Plaintiff was barred from proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(g). (Doc. No. 10.) However, Plaintiff later filed a motion for reconsideration in which he was able to demonstrate that he was entitled to the "imminent danger exception" of

§ 1915(g) and the Court granted his request to proceed IFP. (Doc. No. 14.) The Court also screened Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b) and found that his Complaint contained allegations sufficient to survive the sua sponte screening process. (*See id.*)

On May 1, 2015, Defendants Donoghue, Hubert, Luna, Moore and Murphy[1] filed a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 based on Plaintiff's failure to properly exhaust available administrative remedies prior to filing suit, as is required by 42 U.S.C. § 1997e(a) (Doc. No. 51). The Court notified Plaintiff of the requirements for opposing summary judgment, including opposing a motion for summary judgment brought on exhaustion grounds, pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland, 154 F.3d 952* (9th Cir. 1998) (en banc). (Doc. No. 56.)

The dates to file an Opposition and Reply were later extended to allow the parties time to conduct some discovery related to the exhaustion issue. (Doc. No. 72.) Plaintiff filed several motions to compel discovery and other requests that were granted in part, and denied in part. On January 26, 2016, Plaintiff filed yet another motion for extension of time to respond to Defendants' summary judgment motion which was granted by the Court. (Doc. Nos. 105, 107.) Plaintiff was given until February 26, 2016 to file an opposition to Defendants' Motion but failed to do so.[2]

On March 28, 2016, the Court granted Defendants' Motion for Summary Judgment and entered judgment for all named Defendants. (Doc. Nos. 112, 113.) On April 18, 2016, Plaintiff filed a "Motion to Recall Court's Order Granting Summary Judgment; Reconsideration of Extension Good Cause or Request Notice to Appeal the Court's Denial and Ruling." (Doc. No. 115.)

---

[1] Defendant Acuna has not appeared in this action and the summons naming Defendant Acuna was returned unexecuted. (Doc. No. 26.)
[2] Plaintiff did file yet another request for extension of time to file his opposition on March 8, 2016, several days *after* his opposition was due which the Court denied as Plaintiff has already been given nine months to file an opposition and the Court found that he failed to show good cause why he should receive any further extensions of time. (ECF Nos. 110, 111.)

## II. Plaintiff's Motion for Reconsideration

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) other reason that justifies relief. Fed.R.Civ. P. 60(b).

### B. Plaintiff's Motion

Plaintiff argues that he has been provided insufficient amounts of time in the law library where he is currently housed. Plaintiff also claims that the times he was permitted to attend the law library, he only had time to research his other ongoing criminal and civil proceedings.[3]

///

---

[3] To the extent that Plaintiff again seeks reconsideration of his motions seeking access to a typewriter, the Court will not consider these arguments. Plaintiff has already filed various motions on this exact issue. (*See* Doc. Nos. 97, 101, 104, 110.) Magistrate Judge Karen Crawford has already denied these requests, as well as a motion for reconsideration of the denial of the use of a typewriter. Plaintiff addresses nothing new in the instant motion that has not been addressed in Judge Crawford's previous Orders. (*See* Doc. Nos. 95, 98, 108.) Moreover, in N. Gregoratos' declaration he states that the San Francisco Jail does not possess typewriters. (*See* Doc. No. 106-1 at 2.)

Defendants filed the Motion for Summary Judgment nearly one year ago on May 1, 2015. Plaintiff was given multiple extensions of time to file an Opposition. (*See* Doc. Nos. 79, 98, 107.) The issue raised in Defendants' Motion was exhaustion of administrative remedies which requires Plaintiff to provide a factual response to the claims that were raised and provide documentation demonstrating that he had submitted grievances related to the claims in his Complaint. He did not do so despite having nearly nine months to respond to Defendants' Motion.

In addition, Defendants had previously supplied the declaration of N. Gregoratos, the Director of Prisoner Legal Services for the San Francisco County Sheriff's Department, in which he indicates that Plaintiff attended the jail's law library twelve (12) times in the two months before his Opposition was due in this matter. (Doc. No. 106-1 at 2.) Moreover, he states that his office had a "minimum of 172 contacts" with Plaintiff between June and December 2015 which "included supplying him with case law and other legal materials and filing and mailing legal documents." (*Id.*) While Plaintiff argues that he was focusing on his other criminal and civil matters, that does not overcome the fact that he failed to file an Opposition in this matter despite being given numerous opportunities over several months.

Plaintiff has provided no basis for the Court to vacate the March 28, 2016 Order granting Defendants' Motion for Summary Judgment. A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. See 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure 2d § 2858 (Supp. 2013) (citing Edwards v. Velvac, Inc., 19 F.R.D. 504, 507 (D. Wis. 1956)).

C.   **Request to Appeal**

As stated above, Plaintiff seeks reconsideration of the Court's Order granting Defendants' Motion for Summary Judgment and the Order denying Plaintiff's requests for extension of time to file an Opposition. In the alternative, Plaintiff requests "notice to

appeal these issues." Pl.'s Mot. at 14.  While Plaintiff may choose to file a notice of appeal, the Court **CERTIFIES** that an IFP appeal from this Order, as well as the Order denying Plaintiff's request for extension of time and the Order granting Defendants' Motion for Summary Judgment,  to the Ninth Circuit Court of Appeals would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

### III.   Conclusion and Order

Good cause appearing, the Court:

**DENIES** Plaintiff's Motion for Reconsideration (Doc. No. 115).  The Clerk of Court is directed to close the file.

Dated: May 10, 2016

*[signature]*

Hon. Barry Ted. Moskowitz
United States Chief District Judge